# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| In re:<br><br>GORDON PROPERTIES, LLC,<br><br>   Debtor. | Case No.  09-18086-RGM<br>(Chapter 11) |
| FIRST OWNERS' ASSOCIATION OF<br>FORTY SIX HUNDRED CONDOMINIUM,<br>INC.,<br><br>   Plaintiff,<br><br>vs.<br><br>GORDON RESIDENTIAL HOLDINGS,<br>LLC,<br><br>   Defendant. | Adv. Proc. No. 11-1539 |

### MEMORANDUM OPINION

THIS CASE was before the court on September 28, 2011, on the motion of First Owners' Association of Forty Six Hundred Condominium, Inc., to remand this case to the Circuit Court for the City of Alexandria or abstain (Docket Entry 5); Gordon Residential Holdings, LLC's opposition thereto (Docket Entry 11); and Gordon Properties, LLC's Motion to Consolidate Adversary Proceedings (Docket Entry 10).

First Owners' Association of Forty Six Hundred Condominium, Inc., filed a Complaint for Declaratory Judgment in the Circuit Court for the City of Alexandria against Gordon Residential Holdings, LLC, seeking a declaration with respect to Policy Resolution Number 2009-03, "Eligibility for Election to the Board of Directors". The association alleged in its complaint that Gordon

Residential Holdings nominated five candidates to run for election to the board of directors and that it is an affiliate of Gordon Properties (the debtor in this case), and Brian Sells.

Policy Resolution Number 2009-03 provides that a unit which is owned by more than one individual may only hold one seat on the board of directors and that a unit owned by a corporation, limited liability company, or other entity may have only one designee on the board of directors. It also provides that where a number of units are owned by affiliated entities, the affiliated entities themselves may have only one representative on the board of directors as opposed to one per unit owned.

The complaint sets out specific factual allegations that would establish Gordon Properties, Mr. Sells and Gordon Residential Holdings are affiliated entities. Complaint ¶3-10. The complaint also refers to the ability of a member owning more than one unit to "circumvent this limitation" of the Policy Resolution. Complaint ¶22. It alleges that the debtor conveyed a unit to Mr. Sells, individually, and a second unit to Gordon Residential Holdings. Complaint ¶24. The transfer to Gordon Residential Holdings preceded the adoption of Policy Resolution Number 2009-03. The complaint characterizes the transfers as "a subterfuge to evade" and as having "no commercial or business reason" and "simply undertaken to evade the limitations on one members/one representative". Complaint ¶24. These additional allegations – and certainly the characterization of the transfers – are unnecessary to the ostensible relief the association seeks. The complaint, particularly in light of these allegations, reasonably raises the issue of whether although ostensibly directed to Gordon Residential Holdings, the suit is actually directed towards the debtor.

Gordon Residential Holdings properly removed the circuit court action to this court. Under 28 § U.S.C. 1452 any party to a proceeding may remove it. Gordon Residential Holdings was a party

and removed it to this court. After removal the debtor sought to consolidate that action with a separate action in which it is a plaintiff.

The court finds that it has jurisdiction over this matter because the circuit court action is, at least, an action that relates to this bankruptcy case. The outcome of the circuit court case could have an effect on the estate being administered in this case. It could affect the rights or obligations of the debtor or restrict its freedom of action. *Pacor, Inc. v. Higgins,* 743 F.2d 984 (3rd Cir. 1984).[1] Determination of the validity and applicability of Policy Resolution Number 2009-03 could affect the ability of the debtor to have its nominee elected to and sit on the board of directors. It may also be a continuation of the past practices of the association in violation of §362(a) of the Bankruptcy Code.

The court will remand the case to the circuit court in reliance on the representations made to the court on the record by Michael S. Dingman, counsel for First Owners' Association of Forty Six Hundred Condominium, Inc. Mr. Dingman, on behalf of the association, represented, in summary, that the outcome of the circuit court will have no impact whatsoever on the debtor either in its ability to have its nominee elected to the board of directors or to sit on the board of directors notwithstanding Policy Resolution Number 2009-03 and particularly with respect to the provisions relating to affiliates and that the debtor will not be barred by or collaterally estopped by any judgment in the circuit court case. The complete representations are set out on the record. The court incorporates them herein by reference.

In light of counsel's representations that the outcome of the suit in the circuit court will

---

[1] *Valley Historic, Ltd. Partnership v. Bank of New York*, 486 F.3d. 831 (4th Cir., 2007) is not applicable. The more restrictive test in *Valley Historic* for related to jurisdiction is applicable after confirmation of a chapter 11 plan.

3

affect only Gordon Residential Holdings and have no collateral effect on the debtor, the case will be remanded to the Circuit Court of the City of Alexandria. The debtor's motion to consolidate is rendered moot.

      DONE at Alexandria, Virginia, this 29th day of September, 2011.

                                        /s/ Robert G. Mayer
                                        Robert G. Mayer
                                        United States Bankruptcy Judge

Copy electronically to:

Donald F. King
Michael S. Dingman
Robert M. Marino

17226